**MINKER et al. v. UNITED STATES.**
No. 5928.

Circuit Court of Appeals, Fourth Circuit.
March 12, 1943.

Before PARKER, SOPER and DOBIE, Circuit Judges.

Samuel W. Altman, of New York City (B. S. Royster, Jr., of Oxford, N. C., on the brief), for appellants.

Charles F. Rouse, Asst. U. S. Atty., of Kinston, N. C. (J. O. Carr, U. S. Atty., of Wilmington, N. C., and Chauncey H. Leggett, Asst. U. S. Atty., of Tarboro, N. C., on the brief), for appellee.

PER CURIAM.

This is an appeal in a criminal case wherein the appellants were convicted under two counts of an indictment charging the sale of used automobile tires in violation of Sec. 1315.807 of the Revised Tire Rationing Regulations and Sec. 301, Title III, Second War Powers Act of 1942, Sec. 633, Title 50 U.S.C.A.Appendix. No error is pointed out in the face of the record proper in the case; and the judgment must be affirmed, as no bill of exceptions has been allowed bringing before us the matters upon trial of which appellants complain.

We would extend the time for settlement and filing of a bill of exceptions, if we thought there were merit in appellants' contentions. An examination of the stenographer's transcript of the proceedings in the trial court, however, convinces us that these contentions are little short of frivolous. Complaint is made that the counts of the indictment under which conviction was had charged that the sales of tires were made "without receiving in exchange a certificate authorizing such transfer", whereas the evidence did not show the lack of such certificate. As the sale of used tires at the time alleged was absolutely forbidden, and sale on certificate was permitted by the regulations only in the case of new tires, the allegation as to lack of certificate in the case of the sale of used tires was clearly surplusage which could be ignored in the proofs. Ford v.

United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793. No exceptions were taken to the charge in the court below, and there is nothing in the case which would justify our noticing criticisms of the charge now made for the first time. The sales of which defendants were convicted were proved by testimony which was unimpeached and uncontradicted. There was no reason why the jury should not have believed it, and no occasion for the judge to charge at length on the elementary principles of criminal law relating to the burden of proof and the presumption of innocence. The jury was instructed to convict, if satisfied of the guilt of appellants beyond a reasonable doubt; and no exception was taken to this nor were fuller instructions requested. On the evidence appearing in the transcript, the jury could not reasonably have done other than convict.

The appeal is entirely without merit and appears to have been taken merely for delay. The judgment and sentence appealed from will be affirmed and mandate will issue forthwith.

Affirmed.